IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Justin Spiehs<br>Plaintiff<br>v.<br><br>Board of County Commissioners, Shawnee County, Kansas *et al*<br>Defendants | Case No. 5:26-cv-4020 TC-BGS |

**PLAINTIFF'S OBJECTION TO NOTICE OF WITHDRAWAL OF COUNSEL (ECF 68) AS TO DEFENDANT KRISTEN STANFILL**

Plaintiff Justin Spiehs objects to the Notice of Withdrawal of Counsel filed November 18, 2026 (ECF 68), to the extent it purports to withdraw David E. Larson as counsel for Defendant Kristen Stanfill. Mr. Larson was the only attorney who had formally entered an appearance for Ms. Stanfill. To withdraw, he had to obtain leave of court or, at a minimum, file a notice that was served on Ms. Stanfill and provided her contact information so that she would receive notice of filings. He did neither. ECF 68 is therefore ineffective, Mr. Larson remains her counsel of record, and the Second Amended Complaint was served on Ms. Stanfill through him on November 6, 2026.

**FACTS**

1. On July 31, 2026, Plaintiff sent a request to waive service of summons (AO 399) to Defendant Kristen Stanfill.

2. On August 11, 2026, David E. Larson of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P. filed a "Special Entry of Appearance" on behalf of "Defendants Hiliary Miller, Kristen Stanfill, Michelle Jorgensen, Sydni Chance, Hallie Hay and Shade Downs in the above-captioned case for the sole purpose of filing Waivers of

Service of Summons on behalf of those Defendants." (ECF 33.) The same day, he filed the executed waivers. (Docs. 34–39.) Ms. Stanfill's waiver (ECF37) is signed "/s/ David E. Larson" on the line for "Signature of the attorney or unrepresented party," over Mr. Larson's printed name and firm. ECF 33 was not submitted on the District's Notice of Limited Entry of Appearance form and does not state the address of Ms. Stanfill or any other client.

3. Mr. Larson did not withdraw when the waivers were filed. He remained counsel of record as the case proceeded, including through the August 26, 2026 conference regarding identification of the Doe defendants, in which "[c]ounsel for all parties participated" (ECF 45), and through the Court's grant of leave to amend (ECF 62).

4. On November 6, 2026, Plaintiff filed the Second Amended Complaint naming "Kristen Stanfill, LPN," also known as Kris Stanfill. (ECF 63.) It was served that day through CM/ECF on all counsel of record, including Mr. Larson. No attorney had filed any withdrawal as to Ms. Stanfill. Under Fed. R. Civ. P. 15(a)(3), her response was due November 20, 2026.

5. On November 18, 2026—two days before that deadline—Mr. Larson filed ECF 68, stating that he "hereby withdraws his limited appearance on behalf of Michelle Jorgensen, Hallie Hay, Kristen Stanfill, and Sydni Chance as the purpose for his limited appearance is resolved." Its signature block identifies Mr. Larson and Samantha P. Romey as "Attorneys for Defendants Jorgensen, Hay, Stanfill, and Chance." It was filed under Ms. Romey's CM/ECF login.

6. ECF 68 does not provide Ms. Stanfill's address or telephone number; was not served on Ms. Stanfill; and does not state that the withdrawal is effective unless an objection is filed within 14 days. Its certificate of service states only that CM/ECF "will send a notice of electronic filing to all counsel of record." No motion for leave to withdraw was filed, and no order permitting withdrawal has been entered.

7. The next day, November 19, 2026, the same firm obtained a clerk's extension for Defendants Miller and Downs—two of the six defendants covered by the same ECF 33 appearance—representing that those "Defendants waived service of process, making their responsive pleading due on or before November 20, 2026." (ECF 69.) New counsel for Defendants Hay and Jorgensen obtained an extension the same day. (ECF70).

8. No answer, Rule 12 motion, or request for extension has been filed on behalf of Ms. Stanfill, and no substitute counsel has appeared for her.

9. The CM/ECF docket text describes ECF 68 as a withdrawal "as to Hallie Hay" only and ECF69 as an extension for Defendant Downs only. The CM/ECF party listing currently shows no counsel for Ms. Stanfill.

## ARGUMENT

### I. Mr. Larson could leave Ms. Stanfill without counsel only by leave of court or by a notice providing her contact information. He did neither

Mr. Larson was the only attorney who had formally entered an appearance for Ms. Stanfill. Every rule that could govern his withdrawal required one of two things.

**Leave of court.** If Mr. Larson's appearance was general, "[w]ithdrawal of an appearance for an attorney whose client will be left without counsel is authorized only upon court order," and "[w]ithdrawal is not effective until the court enters an

order authorizing withdrawal." D. Kan. Rule 83.5.5(a). If his appearance was limited but the limited representation was not complete, Kansas Supreme Court Rule 115A(b)(6)(B), incorporated by D. Kan. Rule 83.5.8, requires compliance with Kansas Supreme Court Rule 117, which likewise requires a motion and court approval. No motion was filed and no order was entered.

**A notice providing the client's contact information.** If the limited representation was complete, Rule 115A(b)(6)(A) required Mr. Larson to file a notice of withdrawal and serve it on the client and the parties. The notice must state that withdrawal is effective unless an objection is filed within 14 days, and must include the client's name, address, and telephone number. ECF 68 contains none of these. It was not served on Ms. Stanfill, and it does not disclose any means by which she could receive notice of filings.

Even a compliant notice would not have taken effect when filed. Under Rule 115A(b)(6)(A), withdrawal becomes effective only if no objection is filed within 14 days—here, no earlier than December 2, 2026. Plaintiff timely objects. Under any applicable rule, ECF 68 is ineffective, and Mr. Larson remains Ms. Stanfill's counsel of record.

ECF 68 itself confirms that it cannot be treated as leaving Ms. Stanfill without counsel. Although its body purports to withdraw only Mr. Larson and "his limited appearance," its signature block identifies Samantha P. Romey together with Mr. Larson as "Attorneys for Defendants Jorgensen, Hay, Stanfill, and Chance," and it was filed using Ms. Romey's CM/ECF credentials. Under the District's

Administrative Procedures, § I.C.1.b, an attorney is "responsible for all documents filed using his or her password." Ms. Romey has filed no withdrawal as to Ms. Stanfill, although she filed a separate withdrawal limited to Armor Health (ECF 65). If ECF 68 was intended to leave Ms. Romey as counsel for Ms. Stanfill, Ms. Romey remains her counsel. If it was not, ECF 68 purported to leave Ms. Stanfill without counsel and could take effect only through the procedures addressed above, none of which was followed.

## II. Mr. Larson cannot invoke Rule 115A's limited-scope service provisions after failing to comply with the provisions necessary to invoke them; the Second Amended Complaint was served on Ms. Stanfill through him

A party represented by an attorney is served through the attorney. Fed. R. Civ. P. 5(b)(1), 5(b)(2)(E). Ms. Stanfill waived service of summons and appeared through Mr. Larson. When the Second Amended Complaint was served on him through CM/ECF on November 6, 2026, no withdrawal of any kind had been filed.

Rule 115A does not change that result; Mr. Larson's noncompliance with it confirms it. Rule 115A provides a mechanism for direct service on a client of limited-scope counsel that requires the attorney to supply the client's service address. At entry, the party is served "at the party's address stated in the notice of limited entry of appearance." Rule 115A(b)(4)(B). At withdrawal, the notice must include the client's name, address, and telephone number. Rule 115A(b)(6)(A). ECF 33 stated no address. ECF68 stated no address. ECF33 was not filed on the federal form D. Kan. Rule 83.5.8 requires, and the firm's filings omit the statement Rule 115A(b)(3)(A) requires on every paper filed under a limited appearance. The rule's mechanism for

serving Ms. Stanfill directly was never made operable, and the obligation to make it operable was Mr. Larson's—not Plaintiff's. Counsel cannot fail to supply the information the rule requires and then rely on the rule to defeat service made on him. Nor was Plaintiff required to bypass counsel of record and seek out a represented party directly to cure counsel's failure to provide the client contact information Rule 115A requires.

Mr. Larson's conduct is also inconsistent with a limited role that ended in August. ECF 68 states that the purpose of his appearance was "resolved"; that purpose—filing waivers—was accomplished on August 11, 2026. Rule 115A(b)(6)(A) required withdrawal on completion. Instead, Mr. Larson remained counsel of record for more than three months as the case proceeded, and filed ECF68 only after the Second Amended Complaint had been served and two days before Ms. Stanfill's response was due.

Finally, the same firm represented to the Clerk on November 19, 2026 that the identical waiver procedure produced a November 20, 2026 response deadline for Defendants Miller and Downs. (ECF 69.) Ms. Stanfill's deadline was the same.

**III. KRPC 1.16(d) reinforces the same result**

Upon termination of representation, a lawyer "shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel." KRPC 1.16(d). A CM/ECF-only notice filed two days before the client's response deadline—without leave, without serving the client, without her contact information, and without

seeking an extension for her while obtaining one for the firm's other waiver clients the next day—does not meet that obligation.

**RELIEF REQUESTED**

Plaintiff respectfully requests that the Court:

(a) determine that ECF 68 is ineffective as to Defendant Kristen Stanfill and that David E. Larson remains her counsel of record unless and until he obtains leave of court or otherwise withdraws in compliance with the applicable rules, including service on Ms. Stanfill and disclosure of her name, address, and telephone number;

(b) determine that the Second Amended Complaint was served on Ms. Stanfill through her counsel of record on November 6, 2026, and that her response was due November 20, 2026;

(c) direct the Clerk to correct the docket text for Docs. 68 and 69 to reflect the parties named in those filings, and to restore Mr. Larson's association as counsel for Ms. Stanfill;

(d) alternatively, if the Court construes ECF 68 as identifying Samantha P. Romey as continuing counsel for Ms. Stanfill, direct that the docket be conformed accordingly; and

(e) grant such further relief as the Court deems just.

Respectfully submitted,

/s/ Linus L. Baker
Linus L. Baker, KS #18197
6732 West 185th Terrace
Stilwell, Kansas 66085-8922
Tel: (913) 486-3913
Fax: (913) 232-8734
linusbaker@prodigy.net
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on November 21, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record, including David E. Larson and Samantha P. Romey of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., whose representation of Defendant Kristen Stanfill is addressed above.

/s/ Linus L. Baker
Linus L. Baker